NELLIE E. JUDGE, Administratrix, *vs.* NARRAGANSETT ELECTRIC LIGHTING COMPANY.

PROVIDENCE—JANUARY 6, 1899.

PRESENT: Matteson, C. J., Tillinghast and Rogers, JJ.

(1)   *Contributory Negligence.   Due Care.   Presumption.   Burden of Proof.*

An employee is bound to exercise a degree of care commensurate with the dangers to which he is exposed by his employment.

The burden of proving such care rests upon the plaintiff.

*Cassidy* v. *Angell,* 12 R. I. 447, explained.   While in this case the court held the plaintiff entitled to the benefit of a presumption that the deceased was in the exercise of the care of a person of ordinary prudence, yet, if evidence be adduced by a defendant tending to rebut this pre-

sumption, the burden still rests on the plaintiff to satisfy the jury by a preponderance of evidence that he was in the exercise of due care.

In the absence of evidence to rebut an inference of want of due care deducible from the special facts of a case, the jury is not warranted in finding that plaintiff's intestate was not guilty of contributory negligence.

TRESPASS ON THE CASE for negligence resulting in the death of plaintiff's intestate. Heard on defendant's petition for a new trial.

(1)  MATTESON, C. J.  Though the evidence is ample to sustain the verdict so far as the issue of the defendant's negligence is concerned, we do not think that the verdict is sustainable on the issue of due care on the part of the deceased. Indeed, we do not see that there is any evidence that he was in the exercise of due care. The testimony shows that a few minutes before the accident he was seen engaged in shaking out a cross in the wires, and this is all, so far as appears, that is known concerning his acts while he was on the pole. Shortly afterwards he was found on the ground at the bottom of the pole, unconscious and bleeding. He was an experienced lineman, and was employed as a "trouble hunter," or one whose duty it was to trace out and remedy difficulties which might arise from the contact of the telegraph wires of the Western Union Telegraph Co. with other wires, including the heavily charged wires of other companies, or from other causes. On the morning of the accident which caused his death he was excused from the service of the Western Union Telegraph Co. that he might search for and remove a cross between a private wire on the poles of the company and the defendant's wires, and it was while thus engaged that the accident occurred. As an experienced lineman and trouble hunter, he must have been aware of the dangerous nature of the work which he was called upon to perform, and must have known that if he permitted himself to come in contact with a grounded wire while handling or in contact with a heavily charged wire, like those of the defendant, or created a short circuit whereby the current from these wires was passed through his body, serious injury, if not death, was reasonably certain. In these circumstances he was bound to the

exercise of a very high, if not the highest, degree of care, or, in other words, to a degree of care commensurate with the dangers to which he was exposed. The deep burn upon the hand, and the evidence furnished by the autopsy that he had received a severe electric shock, with the certainty that these could have resulted only from his becoming grounded while in contact with a heavily charged wire, or from his creating a short circuit for the current through his body, raise an inference that he was not exercising the high degree of care required in such a dangerous employment. In the absence of evidence to rebut such an inference, and the burden of proof of due care being on the plaintiff, we do not think that the jury were warranted in finding that the deceased was not guilty of contributory negligence.

The plaintiff relies on *Cassidy* v. *Angell,* 12 R. I. 447, and contends that, as the evidence does not show how the accident occurred, she is entitled to the benefit of a presumption that the deceased was in the exercise of due care. The case of *Cassidy* v. *Angell,* however, was very different in its essential facts from the present, though like it in the respect that no witness saw the accident. That was an action against the town of North Providence to recover damages for the death of the plaintiff's intestate, which it was claimed resulted from the negligence of the town in leaving one of its highways in a dangerous condition and unguarded. The testimony showed that the roadway had been excavated and was impassable, but that a foot-path remained alongside of the pit which had been made in the roadway; that this foot-path was used daily by persons passing up and down the hill; that the last work done on the afternoon before the accident was to throw stone, blasted out of the pit, on to this path, which remained obstructed by the stone when the workmen left at night; that no lights were placed upon the obstruction, nor was the roadway above and below the excavation completely barricaded; that the accident occurred in the night; that the deceased was found unconscious, lying at the bottom of the pit, with a severe wound on the back of the head, and died a few days afterwards without recovering

consciousness ; that he knew of the excavation and passed by it in going to and from his work. No evidence was produced, and none was obtainable, as to how the accident occurred. At the trial before the jury the presiding justice nonsuited the plaintiff. On his petition for a new trial it was held that if the plaintiff's case shows contributory negligence he may properly be nonsuited, but otherwise his case should be submitted to the jury. The court remarked in its opinion that "there is ordinarily a certain degree of presumption that a person of ordinary intelligence will not purposely expose himself to danger. On the other hand, the habits of the person as to temperance, heedlessness, &c., may be considered, and so also that he lived near and must have known the danger." The accident happened in the night. There was nothing to show that the deceased knew of the obstruction of the footpath by the stone which had been thrown upon it in the afternoon before, and no lights were placed on the obstruction. Therefore there was nothing to have put him on his guard against the danger ; while in the case at bar the deceased was notified of the precise service which he was called upon to perform, and from his experience must have known and should have appreciated its danger. It was his duty to guard himself against the danger to which he was exposed by every precaution which would have been suggested or required by the exercise of a degree of care proportioned to that danger. Such a degree of care would have eliminated to a great extent the possibility of accident, and the absence of evidence tending to show that the accident could not have been avoided by the exercise of such care necessarily gives rise to an inference of a want of that requisite degree of care.

Perhaps there is no case which has been more productive of confusion and misunderstanding than *Cassidy* v. *Angell*. The opinion contains the statement that "when the plaintiff shows negligence on the part of the defendant, and there is nothing to imply that the plaintiff brought on the injury by his own negligence, then the burden of proof is on the defendant to show that the plaintiff was guilty of negligence." It is this statement regarding the burden of proof, doubtless,

which has occasioned the misunderstanding and confusion and which has led text-writers to enroll this State among those which hold that contributory negligence must be shown as a defence, instead of among those which require the proof of due care by the plaintiff as a part of his case. All that was intended by the court in its decision in *Cassidy* v. *Angell* was that in a case presenting the same facts the plaintiff was entitled to the benefit of a presumption that the deceased was in the exercise of the care of a person of ordinary prudence, nothing appearing to the contrary. The court did not intend to change, nor consider that it was changing, the rule, which has always been considered a settled rule in this State, that the burden of proving the exercise of due care rests on the plaintiff. Though the court held the plaintiff entitled to the benefit of the presumption stated in such a case, yet if evidence is adduced by the defendant tending to rebut this presumption, the burden still rests on the plaintiff to satisfy the jury by a preponderance of the evidence that he was in the exercise of due care. The opinion was unfortunate in stating that the burden of proof in such case was shifted from the plaintiff to the defendant, when all that was intended was to give the plaintiff the benefit of the presumption.

New trial granted, and case remitted to the Common Pleas Division for further proceedings.

ROGERS, J. (Concurring)   I concur in the foregoing opinion as to the result.

In the explanation of *Cassidy* v. *Angell*, however, there is an expression of approval, inferentially at least, of the doctrine that "a plaintiff is entitled to the benefit of a presumption that the deceased was in the exercise of the care of a person of ordinary prudence, nothing appearing to the contrary"—from which I desire to note my dissent.

The doctrine referred to, when couched in plain and unmistakable terms, it seems to me, amounts to this—that in negligence cases there is a presumption, in favor of the plaintiff, that the deceased was in the exercise of due care, and

that, resting on such presumption, the plaintiff is not required to offer any evidence, either direct or circumstantial, showing freedom from contributory negligence, until such presumption has first been rebutted.  That must mean that the burden of rebutting the so-called presumption rests upon the defendant; for if the plaintiff, in putting in his case, himself presented evidence, either direct or circumstantial, rebutting such presumption, he would throw himself out of court; and if he presented evidence supporting such presumption it would necessarily be evidence tending to show due care, and then he would not be relying on the presumption, so-called, but upon *evidence;* and the evidence, in my opinion, is what he must solely rely on, there being no presumption about it.

Very often, if not, indeed, in the large majority of cases, the plaintiff's evidence showing the defendant's negligence also shows circumstances from which the inference may be legally drawn that the deceased himself was in the exercise of due care.  It matters not whether the freedom from contributory negligence be shown by direct or circumstantial evidence, it taking but very little to make out a *prima facie* case, and when the plaintiff rests his case he must, in order to avoid a nonsuit, have offered some evidence, in contra-distinction to a mere presumption, tending to show, first, that the defendant has been guilty of negligence which caused the injury or death; and second, that the person injured or killed did not by his own negligence contribute to causing such injury or death, for it is not every negligence causing injury or death that the defendant is liable for, but only that negligence which causes injury or death when the person injured or killed was himself exercising due care.

In this State the burden of proof as to both points is upon the plaintiff, and it never shifts, speaking with technical propriety, for the burden of proof as to any point is upon him who at the trial is required to establish that point in order to make out his side of the case *prima facie;* and it does not shift back and forth as the changing state of the evidence in the progress of the trial makes the greater weight thereof temporarily preponderate on one side or the other, for mere

weight of evidence does not constitute what is technically called the burden of proof.

If any such presumption exists in this State as the foregoing opinion seems to imply, then without any evidence, either direct or circumstantial, being offered on that point by the plaintiff, the burden is devolved upon the defendant to rebut the presumption, the very existence of such presumption, in the absence of all evidence on the subject, casting, as it seems to me, the burden of proof upon the defendant, as the plaintiff is freed by the presumption from making out by the production of evidence a *prima facie* case.

Unless *Cassidy* v. *Angell* can be explained upon some more satisfactory ground than the existence of such a presumption, it is not in my opinion entitled to weight as an authority.

*John P. Fox, Stephen O. Edwards, Walter F. Angell, Seeber Edwards, and Albert Gerald,* for plaintiff.

*Walter B. Vincent,* for defendant.