Louis **ZUCKERMAN**, Plaintiff, Appellant,

v.

Rita L. **TATARIAN**, Georgiana Kelly, Rita Tatarian, Patricia Kelly, Defendants, Appellees.

No. 7373.

United States Court of Appeals First Circuit.

Nov. 25, 1969.

an intersection of streets in Providence, Rhode Island. Federal jurisdiction rests upon the diversity of the citizenship of the parties and over $10,000 in controversy exclusive of interest and costs. Title 28 U.S.C. § 1332(a) (1).

The plaintiff-appellant presents 25 issues on his appeal. The briefs, oral arguments and record disclose only one deserving comment by this court.

 The plaintiff introduced some rather indefinite evidence at the trial to show that as a result of the accident he suffered a retrograde amnesia which made it impossible for him to recall his actions during the second or two before the collision. On the basis of this evidence he requested an instruction in the charge that if the plaintiff because of his injuries suffered a loss of memory of the events immediately preceding and at the time of the actual collision then the jury might presume that he exercised due care for his safety. The court refused so to charge giving as its reason that retrograde amnesia had not been sufficiently established to warrant the charge and that the presumption could not be invoked because there were other witnesses as to the plaintiff's conduct at the time and immediately before the collision. We find this ruling entirely correct.

We need not pause to consider, and therefore do not decide, whether the evidence of the plaintiff's loss of memory is sufficiently substantial to warrant consideration by the jury. Whatever substance that evidence may have the fact remains that there was other testimony of the way the plaintiff was operating his automobile at the moment of the collision and immediately before from the driver of the other car involved, from a passenger in it and from a bystander. Under these circumstances it is clearly established by Rhode Island cases, and so far as we know elsewhere, that no presumption of due care on the plaintiff's part arises.

Martin Malinou, Providence, R. I., for appellant.

Paul V. Reynolds, Providence, R. I., for appellees.

Before ALDRICH, Chief Judge, WOODBURY,* Senior Circuit Judge, and COFFIN, Circuit Judge.

WOODBURY, Senior Circuit Judge.

This appeal is from a judgment entered on a verdict for the defendants in an action for personal injuries arising out of the collision of two automobiles at

* By Special Designation.

880

The Supreme Court of Rhode Island fully considered this matter in 1907 in Savage v. Rhode Island Co., 28 R.I. 391, 397, 398, 67 A. 633, wherein it summarized its analysis at page 398, 67 A. at page 636 in the sentence: "The cases distinctly show that such a presumption [of a plaintiff's due care] is a mere presumption of law, and has no weight, and so does not apply in cases where the testimony of eye-witnesses discloses the facts and circumstances of the accident, whether offered by the plaintiff or by the defendant."

Later in Silvia v. Caizzi, 63 R.I. 172, 179, 7 A.2d 704, 707–708 (1939), another wrongful death action, the Supreme Court of Rhode Island stated the rule in the following paragraphs:

"In the instant case the deceased could not speak for himself and there was no witness to the accident. Under such circumstances, there is a presumption that the deceased was in the exercise of due care when he was injured. Judge v. Narragansett Elec. Lighting Co., 21 R.I. 128, 42 A. 507. But a presumption of due care is not evidence. It is merely a rule of law, based on the instinct of self-preservation, to which recourse is had when there is a failure of evidence. Therefore, such a presumption can continue only while there is no credible evidence of the fact. It ceases to be of force against competent evidence showing want of due care.

"The plaintiff in the present case was entitled, in the first instance, to the presumption that the deceased was in the exercise of due care at the time of the accident. If the evidence showed or reasonably tended to show that as a matter of fact he was not in the exercise of due care, then the presumption would be of no assistance to the plaintiff. When rebutted by competent and credible evidence, the presumption would disappear and the fact, as established by such evidence, would control."

There being testimony of others as to the plaintiff's manner of operating his vehicle at and immediately before the collision the court below very correctly refused the plaintiff's request to charge the jury that he was entitled to a presumption of due care.

Other objections to the charge have been considered only to be rejected as utterly without merit. The court is not required to charge the jury at length and in detail as to the plaintiff's theory of liability. It will suffice to say that we find the charge full, clear and correct in its statement of the applicable law.

 The remaining issues are not of sufficient consequence to call for discussion, except that we do mention our concurrence in the court's refusal to permit the plaintiff to recite the ad damnum to the jury. The ad damnum is totally irrelevant. In case unsophisticated jurors may attach some weight to it the court has two alternatives. It may permit its mention and then instruct the jurors that it is irrelevant, and why, and to disregard it, or it may avoid the issue altogether.

Affirmed.