GENERAL MOTORS TRUCK COMPANY *vs.* THE SHEPARD COMPANY.

THE SHEPARD COMPANY *vs.* GENERAL MOTORS TRUCK COMPANY.

JULY 8, 1925.

PRESENT:   Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

*(1)   Sales.   Warranties.   Recoupment.   Counter Suit.   Election.*

When there is a breach of warranty by seller, and buyer has accepted or kept the goods, the buyer may set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price or may maintain an action against the seller for damages for breach of warranty;

but when the buyer has claimed and has been granted a remedy in one of these ways no .other remedy can thereafter be granted; and where. cases are tried together a buyer is properly required at the close of the evidence to elect upon which of the two he will rest his claim.

(2)   *Sales.   Common Counts.*

Where one count of a declaration alleged a sale at a stated price, and there was a count on book account also, while the evidence of plaintiff may have failed to establish the terms of the sale, it did establish the agreed price, and the contract put in evidence by defendant showing the same agreed price, finding of the court for the plaintiff for the agreed price was proper.

(3)   *Sales.   Warranties.   Recoupment.   Counter Claim.*

Where seller sued for price of trucks delivered and defendant buyer brought counter suit for breach of warranties, it was not error to find for plaintiff seller for contract price, since to allow buyer to avail itself, in defence to action of seller, of any claim relating to value of trucks, would result in awarding double damages to buyer and would permit it a remedy both in recoupment and in counter claim.

(4)   *Sales.   Warranties.   Recoupment.   Counter Claim.*

Where seller sued for price of trucks delivered and defendant buyer brought counter suit for breach of warranties, claim of defendant buyer that since plaintiff did not perform its contract for sale of trucks it could only recover what the trucks were worth upon the common count cannot be sustained, since it cannot recover in its counter suit and at the same time indirectly obtain the benefit in the suit against it of a defence akin to recoupment.

(5)   *Evidence.   Shop Books.*

In an action by a buyer against a seller for breach of warranties in a sale of trucks, where plaintiff tried to show expenditures which it claimed it was obliged to make in an attempt to provide a delivery system to replace the one of which it was deprived when it abandoned use of the trucks received from defendant, entries made by its servants in its books were inadmissible, since the entries related to transactions in which defendant had no part and of which it was ignorant.

(6)   *Sales.   Warranties.   Evidence.*

Statements in a contract of sale of trucks, relating to replacement of defective parts; to repairs; and to rental charges for garage, etc.; are in the nature of express warranties, entitling the buyer to show his actual loss by failure of seller to perform such promises, but as such promises related to the trucks while in use by buyer, if buyer discontinued their use, his actual ‘loss for such breach ceased, and he was not entitled to show estimated loss extending over full period of the term.

(7)   *Sales.·   Warranties.*

In an action for breach of warranty on sale of trucks, the buyer's general damages under the Sales Act, would be the difference between the value of

the trucks, if seller had complied with its obligations under the contract and the actual value of the trucks which were delivered.

*(8)  Sales.  Damages.  Bills of Particulars.  General and Proximate Damage.*

Ordinarily a bill of particulars of general damage will not be ordered.  These a defendant must be prepared to meet at the trial, and where a defendant moved for a statement of damages claimed by plaintiff on account of breach of contract, he should be regarded as seeking particulars with regard to any special damages which plaintiff might claim, and in complying with the request the plaintiff will be held to be setting out a claim under the statute of proximate damage arising in the special circumstances of the case.

*(9)  Trial.  Bills of Particulars.*

A defendant is not required in the midst of a trial to meet a claim entirely different from that to which the plaintiff had limited itself in its bill of particulars.

*(10)  Sales.  Warranties.  Damages.  Evidence.*

The measure of damages contemplated by the statute for breach of warranty is an actual and not an hypothetical loss.  A plaintiff cannot recover damages for a loss which it did not suffer but which relate to a loss which might have arisen in an entirely supposititious state of facts.

*(11)  Sales.  Warranties.  Interest.*

When seller of motor trucks recovered judgment for full purchase price of trucks with interest, the buyer in cross action for breach of warranty should be allowed interest from date of writ upon any amount of loss he may recover.

*(12)  Sales.  Damages.  Use of Property.*

Where seller sued for agreed price of trucks and recovered full contract price, and buyer sued for breach of warranty of quality, seller is not entitled to have anything deducted from any loss which buyer may show, for use of the trucks by buyer.

Actions in Assumpsit.  In action of General Motors Truck Co. *v.* Shepard Co. heard on exceptions of defendant and overruled.  In cross action exceptions of parties sustained and overruled as stated in opinion.

Sweetland, C. J.   The first of the above entitled causes is an action of the case in assumpsit to recover the price of fourteen motor delivery trucks, and certain other merchandise, which the plaintiff alleges it sold and delivered to the defendant, and for work and labor performed for the defendant in connection with said fourteen motor trucks. The second of the above entitled causes is an action of the case in assumpsit to recover damages for the breach by the

defendant of an alleged contract under which the defendant sold and delivered said fourteen motor trucks to the plaintiff.

The cases were tried together before a justice of the Superior Court sitting without a jury.   In the first case the justice gave decision for the Truck Company against the Shepard Company for all of the plaintiff's claim, except for its charges for repair service upon the trucks during the year following their delivery to the Shepard Company, together with interest, amounting in all to $42,475.82.   In the second case the justice gave decision for the Shepard Company against the Truck Company for $42,867.50, damages for breach of the warranties and undertakings contained in the alleged contract, but without interest upon said damages.

The Shepard Company duly excepted to the decision against it in the first case, and it is here upon that exception, and also upon certain exceptions of the Shepard Company taken to rulings of said justice made in the course of the trial.   The second case is before us upon the exception of each party to the decision of the justice and also upon exceptions taken by each party to rulings of the justice made in the course of the trial.

The Shepard Company conducts a large department store in Providence.   The transaction between the parties out of which these cases arise took place in Massachusetts in 1912. The writ in each case was issued in 1913.   The sales act of Massachusetts is similar to that of Rhode Island.   The causes were not tried until the fall of 1923.   One of the vital issues before the justice was as to whether the contract with the warranties, as alleged by the Shepard Company, was a binding obligation upon the Truck Company.   The justice found that the Truck Company was bound by this contract and the warranties contained therein.   We have examined the voluminous testimony relating to that question and in our opinion this finding of the justice was without error. We regard the contract as made upon the strength of the negotiations evidenced by exhibits 5 and 6;   and that the

offers contained in those exhibits became part of a contract between the parties. This contract contained a large number of warranties and undertakings on the part of the Truck Company. The most important was that in which the Truck Company guaranteed the life of the trucks for the period of six years. The Truck Company contends that any apparent failure in quality or performance on the part of the trucks should be ascribed to their improper and careless operation by drivers employed by the Shepard Company, and not to inherent defects in the trucks. The evidence however would support a finding that there had been a breach of this warranty, that the trucks were defective and insufficient for the purpose for which they were sold, and that in a few months the Shepard Company was obliged to abandon their use. Because of the extent of the damages claimed by it, the Shepard Company did not rely upon its right to show such extensive damage by way of recoupment in defence of the suit against it, but brought the second action to recover its damages in counterclaim.

At the conclusion of the testimony the justice required the Shepard Company to elect whether it would rely upon its defensive claim of recoupment in the suit against it, or upon its own cross action for damages. It elected to do the latter. To this ruling of the justice the defendant excepted and has brought the exception here. The ruling was without error. The Shepard Company takes nothing by this exception. Under the sales act, when there is a breach of warranty by the seller, and the buyer has accepted or kept the goods, as in the cases at bar, such buyer may set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price, or may maintain an action against the seller for damages for the breach of warranty; but when the buyer has claimed and has been granted a remedy in one of these ways no other remedy can thereafter be granted. Section 7, Chapter 309, General Laws 1923. Where, as in the Superior Court, in cases tried together a buyer is pressing for each of these remedies he

is properly required at the close of the evidence to elect upon which of the two he will rest his claim. This practice was approved, as a proper interpretation of the uniform sales act, in *Mark* v. *Stuart-Howland Co.*, 226 Mass. 35, and in the Massachusetts cases therein cited.

(2) One of the grounds of the exception of the Shepard Company to the decision against it is that the justice has included therein the amount of the claim of the plaintiff for the contract price of the fourteen motor trucks, *i. e.*, $1,990 each. The contention of the Shepard Company is that the only count of the declaration as to which the plaintiff did not fail in proof was a count in *quantum meruit*, and upon that count it was error to allow the plaintiff to recover the full sale price of $1,990 per truck, since as the defendant claims the evidence fully establishes that the value of the trucks delivered did not exceed $500 each. In this the Shepard Company ignores the fact that the counts of the declaration, upon which the Truck Company relied to recover on account of the fourteen trucks, were one alleging a sale and purchase of the trucks at a stated price, and one alleging an indebtedness of the Shepard Company upon book account. Although the Truck Company may have failed to establish its claim as to the terms of the sale it did establish the agreed price; and the Shepard Company in a stipulation filed in the case has agreed that the trucks were sold at the agreed price of $1,990 each. Moreover the Shepard Company put in evidence the contract with warranties which the court found was the binding obligation between the parties. In accordance with such contract the agreed price for the trucks was $1,990 each. We can not approve this claim of the Shepard Company that the Truck Company is restricted in its recovery to a finding upon the count in *quantum meruit*.

(3) The Shepard Company also claims that it is highly unjust to permit the Truck Company to recover the contract price for trucks which were defective and, although sold with a warranty of six years' service, became worthless after a few

month's use.   There would be force in this contention if the Shepard Company had relied upon its claim of recoupment in the action against it.   The Shepard Company however abandoned that defence and elected to rely upon the damages which it might establish in its own action in counterclaim.   In the latter action a portion of its claim, is based upon the evidence that the trucks when delivered were defective and worth less than $500 each.   To allow the Shepard Company to avail itself of this claim in each case at bar would result in awarding double damages to it, and would permit it to have its remedy both in recoupment and in counterclaim contrary to the provisions of the sales act.

(4) A further claim of the Shepard Company is that since the evidence shows that the Truck Company did not perform its contract for the sale of these trucks it can only recover what the trucks were worth upon the common count and cites in support of this claim *Gillis* v. *Cobe,* 177 Mass. 584.   The justice presiding at the trial properly held that case to be inapplicable to those at bar.   The claim of the Shepard Company is unsound.   It attempts to recover upon its cross suit in counterclaim and, at the same time indirectly obtain the benefit, in the suit against it, of a defence akin to recoupment.   The thing that it seeks is a diminution or extinction of the contract price and in accordance with the manifest intent of the act it waived its right to do that when it elected not to proceed by way of recoupment.

The portion of the decision in which the justice allowed charges of the plaintiff for supplies and for labor is supported by the evidence.   None of the other exceptions are pressed or appear to be material.   We shall not disturb the decision of the justice in the case of the Truck Company against the Shepard Company.

(5) In the cross action of the Shepard Company the defendant moved for a bill of particulars.   This motion, among a large number of other things, under the seventeenth request asked for "a complete itemized statement of the damages claimed by the plaintiff on account of each of the breaches of the

contract alleged in the first count of the said declaration."
Following this motion the plaintiff filed a bill of particulars.
In an attempt to comply with the seventeenth request in
the motion, the plaintiff sets out in its bill what appears to
be twelve items of expenditures which, after the allowance
of certain credit to the defendant, amount to a balance of
$44,372.89. From the evidence it appears that these items
of the bill of particulars relate to expenditures, which the
plaintiff claims it was obliged to make in an attempt to
provide itself with a delivery system to replace the one of
which it was deprived when it was obliged to abandon
further use of the fourteen delivery trucks received from the
defendant. At the trial the plaintiff sought to establish
these items of alleged damage by the introduction in evi-
dence of entries made by its servants in its books. After
the plaintiff had proceeded at the trial upon this line of
evidence for several days, on objection of the defendant, the
justice refused to receive it further and rejected as in-
admissible the items in the books. To this ruling of the
justice the plaintiff excepted and has brought the exception
before us. We think the ruling of the justice was correct.
Although the Shepard Company was a retail merchant
operating a department store and keeping books of account
with its customers, this matter, which it was seeking to
establish, was not of a transaction with a customer, and the
question of the admissibility of the books is not governed by
the ordinary rules and principles of evidence which are
applicable to items in the books of a merchant relating to
dealings with his customers. The plaintiff was seeking to
establish facts as to certain expenditures which it had made,
in which transactions the defendant had no part and of
which it was ignorant. The justice was correct in ruling
that as to such transactions, put forward as items of damage
for which the plaintiff sought to make the defendant liable,
the defendant was "entitled to know the full nature of them
from somebody who knows about them" in order that it
may be furnished a reasonable basis for the cross examina-

tion to which it was entitled. The records in the books which the plaintiff sought to introduce were largely summaries of expenditures taken from invoices and vouchers which could not be produced.

When the plaintiff had thus failed to present admissible evidence supporting its claim of actual loss, it was permitted to proceed upon a different theory and to set up a different measure of damages. It is not entirely clear from the record as to the nature of this substituted measure. It appears to be the difference between the cost to the plaintiff of purchasing and maintaining the fourteen trucks, as warranted by the defendant, during the six years following the contract, and the estimated cost of establishing and maintaining during the same period a delivery system by auto trucks similar in type to those in question but without the warranties contained in the contract between the parties. The evidence shows that the plaintiff did not attempt to establish such a system of deliveries when it abandoned the further use of said fourteen trucks, but relied for a considerable time on horse-drawn vehicles, and later used auto trucks of an entirely different type from those in question. The defendant objected to the introduction of this new line of evidence mainly on the ground that the plaintiff was restricted at the trial to evidence of the damages which it had set forth in its bill of particulars. The defendant excepted to the ruling of the justice admitting the evidence and has pressed the exception before us. Before taking up this specific exception of the defendant, we think it would be helpful to consider the nature of the so-called guarantees contained in the contract between the parties, and also as to what is the proper measure of damages in this case. Most of these guarantees are clearly express warranties of the quality of the fourteen trucks. Of this nature are the provisions to "guarantee life of truck for period of six (6) years," that labor and repairs will not exceed the sum of $150 per car for last five years of contract, a guarantee of twelve to fourteen miles per gallon of gasoline, and

a guarantee of seventy to eighty miles per quart of oil. These terms of the contract amount to assertions as to the construction, quality and capacity of the trucks. Other provisions of the contract, coupled with the express warranties, are promises of the seller with relation to the truck. Of this nature are the promises to replace for one year free of cost any defective parts or workmanship, to make no charge for repairs for first year, to give the plaintiff the free use of emergency cars to replace in its service any of the fourteen trucks during the time of its necessary repair, and to garage the trucks for the plaintiff at twenty-five dollars per month. It is somewhat difficult to regard these undertakings as express warranties of quality. The definition of an express warranty contained in the sales act, however, is broad and includes not only affirmations of fact relating to goods sold, but also "any promise by the seller relating to the goods . . . if the natural tendency of such . . . promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon." These promises may well be considered as undertakings in the nature of express warranties. If it should be necessary to determine the value of the trucks as warranted, and these promises should be found to be of advantage to the buyer, then such promises may be treated as enhancing the value of the trucks. Also the buyer would be entitled to show his actual loss by failure of the seller to perform such promises. The plaintiff appears to urge that it is entitled to show an estimated loss by reason of such breach extending over the full period of six years. These promises related to the trucks while in use by the buyer. If for any reason the buyer discontinued the use of the trucks his actual loss for such breach ceased.

The sales act provides as follows as to the measure of damages for breach of warranty. "(6) The measure of damages for breach of warranty is the loss directly and naturally resulting in the ordinary course of events from the breach of warranty.

"(7)  In the case of breach of warranty of quality such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."  Section 7, Chap. 309. Gen. Laws 1923. Applying the provisions of the statute to the plaintiff's claim, what might be termed the general damages in the case would be the difference between the value of the trucks, if the defendant had complied with its obligations under the contract, and the actual value of the trucks which were delivered.  Ordinarily courts will not order particulars of general damage.  These a defendant must be prepared to meet at the trial without their specification in a bill of particulars.  Nor did the defendant at bar in its motion seek the particulars of such general damage.  In asking for "a complete itemized statement of the damages claimed by the plaintiff on account of each of the breaches of the contract alleged in the first count of the said declaration" the defendant should be regarded as seeking particulars with regard to any special damages which the plaintiff might claim.  In complying with the defendant's request, we must hold the plaintiff to be setting out a claim under the statute of proximate damage arising in the special circumstances of the case.  It might be urged with some force that when the plaintiff failed in its proof of the special damage set out in its bill of particulars it might then rely upon proof of general damage, of which it was not obliged to furnish specifications. That claim need not be considered, as the plaintiff did not attempt such a course but sought to base its demand upon an entirely different claim of proximate damage in special circumstances, which however did not exist but were assumed.

We now come to the defendant's exception to the introduction of this line of evidence.  If that evidence of alleged special damage had related to an issue in the case, it was inadmissible; for the plaintiff, by its bill of particulars, had

(9) restricted its offers of proof to its actual loss in maintaining a certain kind of delivery system. It violated the established practice, and the decisions of this court, to require the defendant in the midst of the trial to meet a claim entirely different from that to which the plaintiff had limited itself in its bill of particulars. *Tourgee* v. *Rose*, 19 R. I. 432; *Gorton* v. *Johnson*, 23 R. I. 138; *Star Braiding Co.* v. *Stienen Dyeing Co.*, 44 R. I. 8. We think, however, that this evidence was irrelevant to any proper issue which might arise in the case. It was with regard to the cost of maintaining a delivery system which the plaintiff did not establish. The loss, which the statute contemplates as the measure of damages for breach of warranty, is an actual and not an hypothetical loss. By this line of evidence the (10) plaintiff sought to recover estimated damages, which were not of a loss that it suffered but of one which might have arisen in an entirely supposititious state of facts.

Each party has urged before us its exception to the amount of the decision. As far as damages were concerned the trial proceeded upon the line of evidence which we have held to be irrelevant and inadmissible. In the course of that evidence some testimony was introduced which might be taken as estimates of what would have been the value of the trucks at the time of their delivery to the plaintiff if they had conformed with the warranties, and also estimates as to the actual value of the trucks delivered. Such evidence would bear upon what we have called the general damages in the case under the statute. By reason of this evidence we can not accept the suggestion of the defendant that it should have judgment because of the absence of any pertinent evidence bearing upon the issues in the case. We also are of the opinion that, in the circumstances, an order for the entry of judgment for the defendant would be in disregard of the statutory requirement that we shall remit the cause with such order as to justice shall appertain. It was not however upon the issue of what we have termed the general damages that the case was tried, and the justice in

his decision disregards that issue and based his finding upon the line of evidence which we find was improperly before him.

In our opinion there should be a new trial in the case of the Shepard Company against the Truck Company. We will say further that the Shepard Company should be allowed interest from the date of the writ upon any amount of loss which it may be found to have suffered. The result is manifestly unfair to permit the Truck Company to recover interest upon the full purchase price of these trucks, which perhaps will be found to be seriously defective, and to withhold interest from the Shepard Company upon the (11) amount of its damages. If the Shepard Company had relied upon its defence of recoupment it might have diminished the recovery of the Truck Company, if it had not entirely extinguished the right of that company to recover, and the Shepard Company would then have been liable for interest only upon the balance of the purchase price over its established loss. The Shepard Company should not be placed in a less favorable position because of the course which this litigation has taken. We think the liberal rule as to the allowance of interest upon unliquidated damages laid down in *Pearson* v. *Ryan,* 42 R. I. 83, may well be applied here.

We do not approve the contention of the Truck Company (12) that it is entitled to have the value to the Shepard Company of the use of the trucks, during the time which it operated them, deducted from any loss which that company may be found to have suffered by reason of a breach of the contract by the Truck Company. The Shepard Company in the case against it has been adjudged liable for the full contract price, and in its suit the actual value of the trucks will be charged against it. It was entitled to have such use of the trucks as it saw fit to make without paying further compensation.

In the case of the Truck Company against the Shepard Company all of the exceptions of the defendant are over-

ruled and the case is remitted to the Superior Court for the entry of judgment on the decision. The entry of judgment, however, is stayed until the entry of judgment in the case against the Truck Company.

In the case of the Shepard Company against the Truck Company the exceptions of the parties are sustained and overruled as above indicated, and the case is remitted to the Superior Court for a new trial.

*Claude R. Branch, William H. Edwards, Edwards & Angell, Frank A. Gaynor,* for General Motors.

*Patrick P. Curran, Hoyt W. Lark, Green, Curran & Hart, Francis P. Garland,* for Shepard Company.