R. C. N. MFG. CO. *vs.* JAMES D. WHITAKER.

JANUARY 7, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

PER CURIAM. This action in assumpsit involves cotton yarn sold by the defendant under a warranty that it was suitable to be manufactured into shoe lace braid. The yarn was not shipped direct to the plaintiff but to a dyeing concern to be dyed and processed. Certain payments were made on account of the yarn before it was received from

the dyers. As soon as the earlier shipments were received by the plaintiff and placed in its braiding machines it was discovered that the yarn was not suitable to be manufactured into shoe lace braid. The plaintiff promptly wrote to the defendant calling attention to certain defects in the yarn and stating that the plaintiff could not use the yarn and asked for a disposition of it. The yarn which arrived by later shipments was dyed at the defendant's request and was tested on the plaintiff's machines. This yarn was found to be of no better quality than that of the earlier shipments. The plaintiff then wrote to the defendant stating that the yarn was unfit for plaintiff's use; that no further deliveries would be received and that the plaintiff would charge to the defendant the expense incurred and loss sustained. The defendant then brought suit for the balance of the purchase price. Said company pleaded the general issue and breach of warranty. The trial of said suit resulted in a verdict for the defendant manufacturing company and the verdict was sustained by this court. See *Whitaker* v. *R. C. N. Mfg. Co.*, 134 A. 11. Thereafter said manufacturing company brought this action to recover from Whitaker the sums of money paid on account of said yarn and the money paid for dyeing and processing the same. The trial justice directed a verdict for the plaintiff for $9,716.76, the full amount of the plaintiff's claim with interest, and the case is before us on the defendant's exceptions as follows: To the ruling directing a verdict for the plaintiff; to a ruling refusing to direct a verdict for the defendant and to rulings admitting and excluding evidence. The defendant pleaded the general issue and also a plea of *res judicata*. In connection with the latter plea the defendant contended at the trial and also at the hearing before us that, in the trial of the earlier case, when the parties were reversed, the manufacturing company was permitted to recoup for money paid on account and money paid for dyeing and processing and that, having by recoupment been credited in the earlier case with these payments, the manufacturing company can not maintain an action to recover such payments.

The manufacturing company could have urged recoupment in the earlier case but the charge of the trial justice shows conclusively that breach of warranty was the sole defense submitted to the jury. This being a different cause of action from that presented in the prior suit it is immaterial in this case what issues were involved in the former provided they were not passed upon. "As far as subsequent proceedings under different causes of action are concerned, issues which were involved in the case, but not passed on by the court in deciding it, are not *res judicata*." 15 R. C. L., Sec. 452, 977. *Randall* v. *Carpenter*, 25 R. I. 641.

The defendant excepted to the refusal to admit in evidence the rescript of the trial justice in the former case, the opinion of this court, the transcript of testimony in said case and the jacket with entries thereon showing the travel of the case. There was no error in excluding any one of these documents. If counsel had considered that any portions of any or all of such documents were material he should have offered such portions instead of the whole document in order that the court and, if admitted, the jury might intelligently consider them. We have already pointed out that in the former action the charge of the trial justice conclusively establishes the fact that no question of recoupment was submitted to the jury. Had any or all of said documents been received in evidence no one or all of them would have had any tendency to prove the contrary. Fortunately the trial justice in the former case instructed the jury as to the issues before them in language so clear and precise that no question can reasonably arise as to what the jury were directed to pass upon, therefore, the other portions of the record could shed no light upon the question. It must now be assumed that said jury followed the instructions given them by the trial justice.

The defendant excepted to rulings that interest on the amounts paid to him and to the concerns which did the processing be computed from the date of the demand instead of from the date of the writ. *General Motors Truck Co.* v.

*The Shepard Co.*, 47 R. I. 88; 129 A. 825, is cited in support of the contention that interest should have been computed only from the date of the writ. The authority is not in point. In the case before us the damages were liquidated and the defendant knew when the demand was made, if not before, the amount of the damages. In the General Motors case the damages of the Shepard Company were unliquidated and no one knew the amount until the damages were fixed by the trial justice. In *Pearson* v. *Ryan*, 42 R. I. 83, this court quoted with approval from *Spencer* v. *Pierce*, 5 R. I. 63, as follows: "The well-settled American rule . . . gives interest, though not stipulated for, as an invariable legal incident of the principal debt, from the day of default, whenever the debtor knows precisely *what* he is to pay, and *when* he is to pay it." This exception is overruled.

The exception to the refusal to direct a verdict for the defendant is without merit and is overruled. The verdict and judgment in the former action established beyond question the fact that Whitaker breached the contract. The amount paid by the plaintiff not being disputed, the ruling directing a verdict for the plaintiff was correct.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Thomas P. Corcoran, Cooney & Cooney,* for plaintiff.
*Murdock & Tillinghast, Samuel H. Borofsky,* for defendant.