## CHARLES E. BARNEY *vs.* JOHN H. ARNOLD *et als.*

Devise as follows : —

" I give, devise, and bequeath to my daughter M. A. W., during her natural life and at her decease to her children, one half of a lot, and half of all the buildings and improvements thereon, situated . . . One quarter of said house and lot I devise to S. L., her heirs and assigns, and the remaining quarter of said house and lot I give and devise to J. B., her heirs and assigns, for and during the natural life of each of them; but if any of them or all may die leaving no child or children, then my will is that each respective right shall be divided equally amongst my daughters, A. A., S. L., and J. B., their heirs and assigns, forever."

M. A. W. died childless.

*Held,* that on her decease her one half, not the whole estate, became divisible among her sisters.

*Held,* further, that S. L. took under the will an estate in fee simple, subject to a gift over by executory devise.

Distinction traced between the words "child or children " and the word " issue " in case of a testamentary gift with limitations over.

BILL IN EQUITY for partition.

*June* 27, 1885. DURFEE, C. J. Two questions have been submitted to us under the following clause of the will of Thomas Whipple, deceased, to wit: " I give, devise, and bequeath to my daughter Martha Ann Whipple, during her natural life and at her decease to her children, one half of a lot, and half of all the buildings and improvements thereon, situated in the city of Providence, at a place called Constitution Hill, and is the same house formerly

owned by George Carpenter and myself. One quarter of said house and lot I devise to Sarah Loring, her heirs and assigns, and the remaining quarter of said house and lot I give and devise to Julia Barney, her heirs and assigns, for and during the natural life of each of them ; but if any of them or all may die leaving no child or children, then my will is that each respective right shall be divided equally amongst my daughters, Amey Arnold, Sarah Loring, and Julia Barney, their heirs and assigns forever." Martha Ann Whipple died before her three sisters, leaving no child. The first question is whether, on her decease, the whole estate, or only her half, became divisible among the three sisters. We think her half only became divisible; for otherwise, instead of using the distributive phrase, " each *respective* right," the testator would have said " the whole estate " shall be divided equally, etc. The second question is whether Sarah Loring took under the will an estate tail or an estate in fee simple, subject to a gift over by way of executory devise to Amey Arnold and Julia Barney on the event of her dying without leaving any child. We think she took a fee simple estate subject to such gift over. In *Morgan* v. *Morgan,* 5 Day, 517, the devise was to the testator's four sons in fee simple, with the clause following added, to wit: " And also my will is that, if my sons should either of them die without children, that his brothers shall have his part in equal proportion." The court held that the words " die without leaving children " meant *dying without children living at the death of the first devisee,* and consequently that the limitation over was good as an executory devise. The case is exactly like the case at bar. In *Smith* v. *Hunter,* 23 Ind. 580, the estate given to the first devisee in fee was given over " if he die childless," and the gift over was sustained. In *Doe* v. *Webber,* 1 B. & A. 713, the devise was to A. in fee, " and in case A. shall happen to die and leave no child or children," then to B. in fee, and the gift over was held to be good by way of executory devise. The court, however, was of opinion that the words " child or children " were equivalent to " issue," and sustained the gift over on other indications in the will going to show that the testator intended to have the gift over take effect, not on an indefinite failure of issue, but upon a failure happening at the death of the first devisee. We think there is good reason

for giving the words "child or children" an extended meaning, for the first devisee might die without leaving any child, and yet have a grandchild, or some other remoter descendant, in which case the gift over cannot have been intended to take effect. But we do not think it is necessary to give the words the same effect as to the gift over as if the word "issue" had been used by the testator in place of them. For, as has been well remarked, the words "child or children" have not the technical force of the word "issue" in a limitation over, and generally refer to the time of the death of the devisee. *Sherman* v. *Sherman*, 3 Barb. S. C. 385, 387. It is in the natural order for the parent to die before the children, and for the children to succeed to the estate, and it is to be presumed that the testator made his will in view of the natural order; and therefore, though the meaning of the word "children" be extended by construction, it is entirely unnecessary to extend it beyond the grandchildren or other descendants who take the place of the children in the succession. The construction that the words, "dying without issue," or "dying without leaving issue," imports an indefinite failure of issue, is highly artificial, and probably defeats oftener than it furthers the testamentary intent, and it is, therefore, not to be carried unnecessarily beyond the line of existing precedents. If, however, any other indication of the intent be required, such indication is afforded by the phrase, "for and during the natural life of each of them," which follows the devises to Sarah Loring and Julia Barney. That phrase is inconsistent with said devises, and as to them must be rejected for repugnancy, but nevertheless it indicates pretty clearly that the times which the testator intended as the times for the gifts over to take effect, in case they should take effect, were at the deaths of the first devisees.

Sarah Loring died leaving a son living at her death. After the death of Martha Ann Whipple, Sarah Loring made a deed purporting to convey all her interest in the estate to Hannah Loring in trust. We think that under that deed Hannah Loring took all her interest subject to said trust, and that therefore no part of the estate descended to the son.

. *James C. Collins*, for complainant.

*W. W. & S. T. Douglas* and *James Harris*, for respondents.