JOSEPHINE A. RANDALL vs. JOHN F. CARPENTER, Exr.

PROVIDENCE—FEBRUARY 5, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Judgments   Estoppel.   Pleading.*

As applied to the same demand, a judgment in a former action between the parties is an estoppel not only as to every ground of defence actually presented in the action, but also as to every ground which might have been presented; but where the second action is upon a different claim the prior judgment operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the verdict was rendered.

(2) *Pleading.   Duplicity.*

A replication raising both an issue of law and an issue of fact is bad for duplicity.

ASSUMPSIT.   Heard on demurrer to replication, and demurrer sustained.

STINESS, C. J.   The plaintiff sues in assumpsit for services. The defendant's fourth plea sets up a former judgment in the Superior Court of Connecticut, alleging that under a rule of said court, enacted by authority of the judiciary department of the State, under the practice act, a plaintiff failing to show an alleged agreed price may recover a reasonable price in an action for goods sold; "and the like rule shall prevail in actions for work done," and that said former action was brought to recover compensation for the same services as those set forth in this declaration.

To this plea the plaintiff replies that, though the rule was as stated, though the judgment is final and was on the merits of the case and between the same parties, yet the cause of action was not the same as in this declaration; that the single and sole issue tried therein was whether the plaintiff had a specific contract with Jonathan C. Randall in his lifetime to pay to this plaintiff a specific sum of $20,000; that no evidence was submitted on any other issue or as to the value of the

plaintiff's services, and that said former action was not brought to recover for the same services set forth in the present action.

To this replication the defendant demurs, on the ground that, the cause of action being the same, the plaintiff is estopped from again asserting the same cause of action against the defendant.

We do not set out the pleadings in full, the foregoing statement being sufficient to bring out the points involved; but it should be added that there were two issues in the former suit, based upon the defendant's denial of the first two counts in the complaint, viz.:

"1. On or about October 1, 1894, said Jonathan C. Randall entered into an oral agreement with the plaintiff, whereby he agreed to give and pay to the plaintiff the sum of twenty thousand dollars, in consideration that the plaintiff would, during the life of said Randall, make her home with him as a companion and housekeeper, and render services to him as business correspondent and clerk, and nurse him when sick, and the plaintiff agreed to the same.

"2. From the date of the said agreement until the death of said Randall, the plaintiff fulfilled the terms of said agreement on her part and fully performed said contract, and there became and was due to her from the said Randall, under the said agreement, at the time of his death, the sum of $20,000."

Both of these counts were denied by the defendant.

The plaintiff's claim now is that in the former action the only issue was whether there was an express contract for a specific sum, and that in this action the question is on an implied contract for what the services were worth, and that these are distinct causes of action.

The defendant invokes the rule that the plaintiff is estopped as to all matters which were or might have been decided in the former action.

We know of no better statement of the rule than that by Mr. Justice Field in *Cromwell* v. *County of Sac*, 94 U. S. (4 Ott.) 351, as follows: "There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties

upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

"Thus, for example, a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defences actually existed, of which no proof was offered, such as forgery, want of consideration, or payment. If such defences were not presented in the action and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive; so far as future proceedings at law are concerned, as though the defences never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defence actually presented in the action, but also as to every ground which might have been presented, is strictly accurate when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law upon any ground whatever. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined."

The same doctrine is stated in 1 Freem. Judg. 4th ed. § 257; 1 Herm. Est. § 98; 1 Van Fleet's Former Adjudication, § 272;

1 Greenl. Ev. vol. 1, 15th ed. § 528; 24 A. & E. Ency. L. 2nd ed. p. 781.

There are many cases involving this question, but in all of them it is evident that the controlling question is the identity of the issue.

On demurrer, this must be determined by the record and pleadings. Turning to these, we find that the plaintiff sought in the former action to recover for services rendered. The plea alleges that this action is brought to recover compensation for the same services. As quoted above, the former claim was for services as companion, housekeeper, business correspondent, clerk, and nurse. The bill attached to the present declaration is for the same items and for the same amount, and the declaration names only the same items.

The plaintiff in both suits alleges two things, performance of service and a promise to pay.

Under these allegations two issues are raised. Were the services performed, and did the defendant promise to pay? These were the express issues in the former case. Upon both these issues the verdict was for the defendant. The record, therefore, shows that the services were not performed.

The plaintiff replies that because she claimed an agreed sum and offered no testimony as to what the services were worth, the issue is not the same. But under the allegation of the plea in this case that the services were the same, we are at once confronted by the record in the former case that the services were not rendered.

The plaintiff argues that there was no dispute as to the services. We cannot act upon this statement. It is the record which speaks. A record may be explained. For example, if one has a claim on a note and also on book account, and he offers proof on the note only, he is not estopped to sue afterwards on the book account, because they are distinct causes of action; although the general counts may have been broad enough to allow both causes to be proved in the same action. The estoppel does not rest on allegations, but on findings. All that was passed upon properly is settled by the record. If the finding was wrong as to services, the plaintiff should have had it

corrected by proper proceedings.  The services being directly in issue, and that issue being found by the jury, the record cannot be impeached in this suit.  We cannot compel the defendant to try that decided issue again.

If the services here sued for are other services than those in the former case, the plaintiff can show it; but this is a question of fact which is not before us.

Such an answer to the former judgment must rest upon traverse of the allegations of the plea.

(2)    The plaintiff's replication admits the former judgment, but it contradicts the record by its statement that the single and sole issue was whether the plaintiff had a single and specific contract with said Jonathan C. Randall in his lifetime for the single and specific sum of $20,000, thus raising an issue of law.

The replication then goes on to allege that the services in the former action were not the same services as set forth in this present action, thus raising also a question of fact.

The replication is bad for duplicity.  Gould Pl. 5th ed, 390.

The only part of the replication which answers the plea is the allegation that the services were not the same.  If the plaintiff intends to raise this issue it must be by a single allegation setting up that answer to the record.  This is not done by the replication as it stands.

The demurrer to the replication is sustained.

*Dexter B. Potter and Donald G. Perkins,* for plaintiff.

*George H. Huddy, Jr.,* for defendant.