ISADOR A. LUFT *vs.* FACTORY MUTUAL LIABILITY INSURANCE COMPANY OF AMERICA.

MORRIS SMALL *vs.* SAME.

APRIL 21, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J. These are actions to recover for personal injuries sustained by plaintiffs as the result of an accident which occurred in Plainfield, Connecticut, on November 6,

1926, when an automobile owned and operated by one William P. Barstow of Plainfield collided with the automobile in which plaintiffs were passengers. The cases were previously before this court (See 51 R. I. 452) on defendant's exceptions to decisions of the Superior Court for plaintiffs. We then decided that these actions were barred by the statute of limitations and plaintiffs were given an opportunity to show cause why judgment should not be entered for the defendant. As it appeared upon the rehearing that the Superior Court had not decided an issue raised by the replications to the pleas of the statute of limitations, the cases were remitted to the Superior Court for a new trial. They were later tried by a justice of the Superior Court without the intervention of a jury upon the issue raised by the replications: *i. e.*, that defendant had practiced fraud which prevented the running of the statute of limitations. Decision in each case was for the plaintiff, and the cases are in this court on defendant's exceptions to these decisions.

The liability of Mr. Barstow and the amount of damages are admitted. At the trial the only witnesses were Mr. Sundlin, attorney for the plaintiffs, and Mr. Lees, an adjuster and the assistant secretary of the defendant corporation. Mr. Sundlin testified that on November 9, 1926, he received a letter from Mr. Barstow at the bottom of which was the postscript: "I am insured with the Automobile Mutual Ins. Co. of America. Providence, R. I."; that within a week Mr. Sundlin went to the office of the defendant company in Providence and interviewed Mr. Lees; that Mr. Lees saw the letter and said the statement in the postscript was correct.

It appears that Mr. Barstow had two policies of insurance, one for fire and theft, in the Automobile Mutual Ins. Co. of America, and one for personal liability, in the defendant company. These companies, although separate corporations authorized to issue different lines of insurance, occupied the same offices and had the same officers. Mr. Lees was an adjuster and assistant secretary in each company.

After the interview referred to, negotiations for a settlement were ineffective. August 19, 1927, plaintiffs issued writs against Mr. Barstow which were returned *non est inventus*. On September 28, 1927, plaintiffs issued writs against the Automobile Mutual Ins. Co. of America. At the trial in April, 1929, plaintiffs discovered that they had brought the actions against the wrong defendant, and they were nonsuited. On April 26, 1929, more than two years after the accident, the present actions against the defendant were begun. The fraud alleged was that defendant's agent told plaintiffs' attorney that Barstow was insured for personal liability by the Automobile Mutual Ins. Co. of America and that he did so for the purpose of concealing the fact that Barstow was insured for this liability by defendant. The trial justice decided that Mr. Lees did make a fraudulent representation of fact to plaintiffs' attorney and that as a consequence the actions were not barred by the statute of limitations.

The evidence is conflicting, and we cannot say that the trial justice is clearly wrong in his findings of fact. The question now is: did such misrepresentation avoid the operation of the statute of limitations?

The statute under which these actions are brought (G. L. 1923, Chap. 258, s. 7, first enacted in P. L. 1921, Chap. 2094) provides that: "Every policy hereafter written insuring against liability for property damage or personal injuries or both . . . shall contain provisions to the effect that the insurer shall be directly liable to the injured party . . . to pay him the amount of damages for which such insured is liable. Such injured party, . . . in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process '*non est inventus*', the said injured party . . . may proceed directly against the insurer . . . ."

This statute has been construed by this court in several cases. In *Miller* v. *The Metropolitan Cas. Ins. Co.*, 50 R. I.

166, it was decided that this statute did not impose an absolute liability on the insurer for the benefit of the person injured by the insured, nor did it enlarge the indemnity provided for in the contract between the insurer and the insured; that the purpose of this statute was to subrogate the injured party to the right which the insured would have had if he had paid the judgment.

In the previous opinion upon these cases it was decided that when the action is directly against the insurer, plaintiff (the injured party) must establish his case exactly as though the insured were the defendant and that the insurer was entitled to any defense available to the insured and also to any defense it might have to liability on its policy of insurance; that in the instant cases the right of action of each plaintiff against the defendant arose at the time when the injuries complained of were sustained and that the statute of limitations applies in favor of the insurer from that time; that the condition in the statute requiring that a writ against the insured first be returned *non est inventus* was a condition referable to the remedy and not the right.

The previous opinion of this court is decisive of the question now raised. The statute makes a clear distinction between the cause of action and the procedural rights provided therein. The cause of action is the liability of the insured to the injured party. The insurer cannot be joined in any action against the insured. Only when the insured can not be served with process may an action be brought against the insurer before judgment is obtained against the insured. The liability of the insurer is in the nature of that of a surety whose obligation is limited to the contractual obligation under the policy of insurance.

The statute gives a remedy against the insurer for a wrong done by the insured. It provides an additional remedy but not an additional cause of action. Plaintiffs have one cause of action for which the statute gives them two remedies.

Plaintiffs contend that they are entitled to bring these actions under the provisions of G. L. 1923, Chap. 334, Section 7, which provides that: "If any person, liable to an action by another, shall fraudulently, by actual misrepresentation, conceal from him the existence of the cause of such action, said cause of action shall be deemed to accrue against the person so liable therefor, at the time when the person entitled to sue thereon shall first discover its existence." In this statute a clear distinction is made between the liability to an action and the cause of the action. The concealment which affects the statute of limitations is expressly stated to be applicable only to the cause of action. There was no concealment of the cause of action in the instant cases. The concealment was not of the legal wrong which is the cause of action but of the additional statutory remedy. Section 1, Chap. 334, G. L. 1923, provides that: "Actions for injuries to the person shall be commenced and sued within two years next after the cause of action shall accrue, and not after." As these actions were not brought within two years after the cause of action accrued, they are barred.

The exception of the defendant in each case is sustained.

The plaintiffs may, if they shall see fit, appear on the third of May, 1933, and show cause, if any they have, why the cases should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Albert A. Baker, Walter I. Sundlun, Baker & Spicer*, for plaintiffs.

*Sherwood, Heltzen & Clifford, Sidney Clifford*, for defendant.