ALEXANDER E. FRASER *vs.* WALTER A. WRIGHT.

JULY 5, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Hahn, JJ.

SWEENEY, J. This bill in equity was brought to compel respondent to execute a trust by conveying certain land to complainant. After hearing upon bill, answer and proof, the Superior Court entered a decree dismissing the bill. Upon appeal this court ordered a decree entered in the Superior Court directing the trustee to forthwith convey to the complainant an undivided one-quarter part of certain land. (167 Atl. 140.) This decree was entered July 12, 1933, after this court had denied respondent's petition for a reargument.

October 18, 1933, respondent filed a motion in the Superior Court to stay execution of this decree so he could proceed with a petition filed in the probate court of Providence to admit to probate a copy of an alleged last will of Aaron C. Wright. Respondent alleged in his motion the discovery of new evidence to support his claim that Aaron C. Wright died testate. October 31, 1933, complainant filed a motion praying that respondent be enjoined from proceeding in the probate court to prove an alleged will of Aaron C. Wright on the ground that said final decree was conclusive that Aaron C. Wright had died intestate.

After a hearing in the Superior Court upon both of these motions, a rescript was filed and a decree entered February

10, 1934, in which respondent's motion for a stay in the execution of the decree was granted and complainant's motion for an injunction was denied. The case is before this court on complainant's appeal from this decree.

The question of the testacy of Aaron C. Wright is *res judicata* between the parties to this cause. It was one of the three issues of fact raised by the bill and answer and decided by the trial justice. Complainant alleged in his bill that Aaron C. Wright died childless and intestate. Respondent answered by alleging (1) that Aaron C. Wright had been married and it was unknown whether he left a widow and a child; (2) that he had left a will in which he devised all his property to respondent and (3) that complainant had released his interest in the estate of Augustus Wright.

A respondent who answers must set up every ground and circumstance on which he intends to rely as a defense, either entire or partial, and defenses not set up are deemed waived. 21 C. J. 471.

At the trial in the Superior Court respondent introduced evidence tending to support each of the defenses set up in his answer and the complainant offered evidence in contradiction thereof. The trial justice wrote a rescript in which he discussed the evidence relating to the marriage of Aaron C. Wright and to his leaving a will. He said: "We must discard serious consideration of the last will of Aaron C. Wright because of the well settled rules requiring the proof of wills, especially of those claimed to have been lost or destroyed. Upon this phase we think the law compels us to hold that Aaron C. Wright died intestate. Upon the question as to whether he was ever married, the preponderance of evidence compels us to hold that he was not married."

When considering respondent's motion to stay execution of the decree entered July 12, 1933, the trial justice wrote that the (newly discovered) document purporting to be the the last will and testament of Aaron C. Wright "was not

before either the Superior or the Supreme Courts." This statement is not in accord with the transcript of the testimony for a copy of the alleged will appears to have been read into the record by the wife of respondent while testifying. (p. 171.)

Respondent relies upon *Merrill* v. *Boal*, 47 R. I. 274. The case is not in point as it involved the construction of two instruments, the existence of both being admitted. In the instant case the issue before the Superior Court was the existence of a will and not its construction.

The apparent purpose of the present proceedings is an attempt to have an issue heard in the probate court which already had been heard and decided in the Superior Court. This cannot be permitted. This court has held that, when a question is presented by the pleadings and evidence in a suit in equity, argued by counsel and urged upon the court and decided by it, the question is *res judicata* between the parties to the suit. *Almy* v. *Daniels*, 15 R. I. 312. 34 C. J. 742.

The appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court for further proceedings.

*Huddy & Moulton, Stuart H. Tucker*, for complainant.
*Tillinghast & Collins, James A. Tillinghast*, for respondent.