## Mario Nardolillo *vs.* Frank C. Carroll.

MAY 17, 1944.

Present: Flynn, C. J., Moss, Capotosto and Baker, JJ.

Baker, J. This is an action of trespass on the case for negligence. In the superior court the defendant's motion to dismiss the case was granted. To this ruling the plaintiff has duly prosecuted his exception to this court.

From the record it appears that while the plaintiff and defendant were personally operating their respective automobiles they came into accidental collision on May 28, 1940 on Cemetery street in the city of Providence. Following that occurrence the defendant herein by a writ dated October 7, 1940, returnable to the district court of the seventh judicial district, started an action against the present plaintiff to recover damages for alleged property loss. Thereafter the plaintiff herein by a writ dated October 10, 1940, returnable in the superior court for Providence county, instituted the case at bar for the recovery of his own damages; but it was never tried. However, the other case brought by Carroll against Nardolillo was decided in the seventh district court and in the superior court in favor of Carroll, and the verdict he received in the last-named court was sustained when the exceptions which Nardolillo had thereupon duly prose-

cuted were overruled by this court. *Carroll* v. *Nardolillo,* 67 R. I. 389.

The defendant's motion to dismiss the instant case was based on the contention that the issues at present raised here had become *res adjudicata* between the parties by reason of the final disposition in favor of Carroll of the other case just cited in which the present parties were reversed. Upon consideration we are of the opinion that the defendant's contention is correct and that the superior court did not commit error in granting his motion to dismiss the case at bar. Since the basic issues and the parties in the two cases in question were, in our judgment, the same, the determination in the case of *Carroll* v. *Nardolillo, supra,* decided those issues finally between the parties, and it would be improper to submit them again to another jury. See *Curry* v. *Swett,* 13 R. I. 476. The defendant herein, who was successful before a competent court in the reported case in which he was the plaintiff, may now, therefore, properly invoke the doctrine of *res adjudicata* by way of defense.

It is clear that the decisive fundamental issues in this case and in the above reported case were the same. In *Carroll* v. *Nardolillo, supra,* at page 392, we stated that the jury had been charged "that the plaintiff was entitled to recover if and only if he had proved by a fair preponderance of the evidence that he had not been negligent and that the defendant had been negligent and that the negligence of the defendant had caused the accident." We then said: "From the verdict returned by the jury, after they had been thus charged by the trial justice, we must conclude that they had found that the fair preponderance of the evidence was in favor of the plaintiff on each of the three issues of fact submitted to them in that charge."

The claim of the plaintiff that there is a difference in the issues in these cases, because in the instant case he sued to recover for personal injuries, whereas in the other case Carroll sought recovery for property damage only, is without merit. The nature of the damages and the amount of recov-

ery were secondary questions, but the basic issue in each case was identical, *viz.*, the issue whether the proximate cause of the damages to the respective parties was the negligence of the present plaintiff or that of the present defendant. Our approval of the verdict in the other case made a final determination of that issue in favor of the present defendant; and that determination is also decisive in his favor in the instant case.

On behalf of the plaintiff it is also urged that the parties in the two cases are not the same, because Carroll brought his action for the use and benefit of a certain insurance company. In our opinion, this contention is not sound. The real parties in both cases were Carroll and Nardolillo. In the other case the insurance company advanced no independent rights of its own but sued in Carroll's name solely by subrogation to whatever rights he had against Nardolillo. As a matter of fact, the insurance company had no standing except as Carroll's assignee.

Moreover, the scope of that action necessarily involved the question whether the proximate cause of the accident was Nardolillo's negligence or Carroll's negligence. The verdict and later judgment in favor of the plaintiff in that case determined that Nardolillo was negligent and that Carroll was free from contributory negligence. In those circumstances the basic issues of law and fact relating to the liability for the accident were determined on their merits by a court of competent jurisdiction, and the judgment entered therein was a bar to any action by Nardolillo against Carroll based upon the alleged liability of the latter for the same accident.

The plaintiff's exception is overruled and the case is remitted to the superior court for further proceedings.

*Luigi Capasso, Joseph Capasso,* for plaintiff.

*Francis V. Reynolds,* for defendant.