DONALD I. HARDING *vs.* THOMAS P. CARR.
HOWARD R. CHASE, JR. *vs.* SAME.

AUGUST 13, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

34

FLYNN, C. J.   These are two actions of trespass on the case for negligence to recover damages for personal injuries caused by the operation of defendant's automobile by his alleged agent and servant.   The cases were tried together in the superior court and are here on the plaintiff's exception in each case to a decision of that court granting defendant's motion for judgment on his plea of res adjudicata.

The following statements from the declaration and travel of the case will be of assistance in understanding the issue. The plaintiffs were injured by an automobile which belonged to defendant Carr but at the time of the accident was being operated by another, namely, John H. McKenzie. Each plaintiff brought separate actions of trespass on the case for negligence against the operator and against the owner, the latter actions alleging that defendant Carr as owner of the automobile was liable for the negligence of McKenzie as his agent and servant.   For convenience,

unless otherwise stated, the cases will be considered as if only one plaintiff brought separate actions against the operator and the owner respectively but references to the plaintiff will apply to all cases.

The plaintiff first prosecuted the action against McKenzie, the operator, and obtained a judgment against him by default. Satisfaction thereof was sought immediately in a new action brought by plaintiff directly against the United States Fidelity & Guaranty Company under general laws 1938, chapter 155. Therein he claimed that such company was liable for the judgment against McKenzie by virtue of the provisions of the policy of insurance which it had issued to the owner Carr and which provided coverage to him and to any person who was using the owner's automobile with his permission. After a trial in the superior court, of which the owner had notice and in which he testified as a witness for the defendant insurer, the jury returned a general verdict for the defendant with a *special finding* that at the time of the accident McKenzie did not have the owner's consent, express or implied, to operate the automobile. Thereafter plaintiff's motion for a new trial was heard and denied, and the case came to this court on his bill of exceptions. In overruling such exceptions this court affirmed the verdict and special findings of the jury and the case was remitted for entry of judgment for the defendant. *Chase* v. *United States Fidelity & Guaranty Co.,* 73 R. I. 51.

Thereupon the defendant owner moved to dismiss the instant action against him, which had remained pending and untried in the superior court while the other case against his insurer was being tried and reviewed. The ground of this motion was that the existence of the owner's consent, express or implied, for McKenzie to operate the automobile was a fundamental issue in the instant case and was res adjudicata by virtue of the determination of the identical issue in the plaintiff's former action against the owner's insurer. The trial justice, although recognizing

that a motion to dismiss was not the proper procedure to raise such question, nevertheless considered and granted defendant's motion.

On plaintiff's bill of exceptions thereto this court did not pass upon the merits of. the decision but pointed out that the proper way to bring the question upon the record was by way of a plea *puis darrein continuance,* thereby affording plaintiff "an opportunity to demur, or to reply by alleging further facts admitting the decision or judgment and showing that the issue before the court * * * was never actually involved in the prior action." *Harding* v. *Carr,* 74 R. I. 59.

Thereafter defendant filed a plea *puis darrein continuance* setting forth in effect that the liability alleged in the instant case is based essentially upon the fundamental claim that at the time of. the accident defendant owner's automobile was being operated with his consent, express or implied; that such issue had been raised, tried and definitely adjudicated adversely to plaintiff in his action against defendant's insurer, which was based upon the insurer's obligation to defendant owner under his policy; and that the verdict, issues and findings therein were set forth and affirmed by this court in the opinion in *Chase* v. *United States Fidelity & Guaranty Co., supra.*

The plaintiff did not demur thereto nor reply by setting up any new facts in avoidance of such plea as was suggested in that opinion, but he filed a replication denying "each and every material allegation of said plea" and concluded to the country. When the case was reached for trial in the superior court defendant, according to the transcript, moved orally "for judgment for the defendant on the pleadings." In support thereof he offered to the trial justice the records in the earlier case of *Chase* v. *United States Fidelity & Guaranty Co.,* and also our opinion therein which set out the facts, issues, special findings and this court's approval thereof, all substantially as alleged in the plea.

On the other hand plaintiff offered no specific objection to

such hearing on the special plea of res adjudicata. The record shows that despite the form of plaintiff's replication he made no attempt to present any evidence directly or dehors the record to avoid or challenge the facts as they were alleged in the plea and substantiated by the proof offered by defendant. Clearly the parties and court treated the proceeding as a hearing on the plea of res adjudicata wherein the facts alleged were established by defendant's proof and therefore presented a fundamental issue that was decisive of the case as a matter of law. In the superior court plaintiff took a position in effect the same as if he had interposed a demurrer to the plea. At any rate his principal argument before us is based on the claim that even though the facts alleged in the plea are not disputed the instant case is a different cause of action from the one which he brought against the owner's insurer and therefore as a matter of law the issues decided in the earlier case could not be considered as res adjudicata in the instant action.

In our view this contention is wholly inconsistent with the purpose and effect of G. L. 1938, chap. 155, under which plaintiff brought the former action directly against the owner's insurer. *Luft* v. *Factory Mutual Liability Ins. Co. of America,* 53 R. I. 238; *Luft* v. *Factory Mutual Liability Ins. Co. of America,* 51 R. I. 452. In those cases this court held that it was not the purpose of chapter 155 to impose on the insurer a liability distinct from the liability of the insured to the injured party; that the insurer's liability is dependent upon the fact of the insured's liability to such party; that the statute provides merely an additional remedy for the same cause of action against the insured; that the cause of action on which such additional remedy is based is the liability of the *insured* to the injured party; and that "when the action is directly against the insurer, plaintiff (the injured party) must establish his case exactly as though the insured were the defendant and that the

insurer was entitled to any defense available to the insured and also to any defense it might have to liability on its policy of insurance * * *." *Luft* v. *Factory Mutual Liability Ins. Co. of America,* 53 R. I. 238, 241.

However, if we were to assume that the causes of action can be considered as different, the plaintiff's problem would not be solved thereby. This court has held that a question or issue distinctly raised by the pleadings, argued by counsel, and deliberately passed on by the court is treated as res adjudicata in a subsequent action between the parties or their privies even if the cases involve different causes of action. *Almy* v. *Daniels,* 15 R. I. 312; *Randall* v. *Carpenter,* 25 R. I. 641. In the latter case the court cited with approval the leading case of *Cromwell* v. *County of Sac,* 94 U. S. 351, which pointed out the principle of estoppel underlying res adjudicata when applied to the same causes and again when applied to different causes of action. It there held that where the parties and causes of action are the same a judgment rendered by a court of competent jurisdiction on the merits in a former proceeding is final and amounts to an estoppel as to every issue that might have been raised therein as well as to those actually raised and decided. However, the court also held that where the second action is between the same parties upon a different claim or demand, "judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

This view of estoppel by adjudication on the merits of an identical and ultimate issue by a court of competent jurisdiction has been recognized generally in both equity and law actions in this state. No case holding to the contrary has been cited and we are aware of none. See *R. C. N. Mfg. Co.* v. *Whitaker,* 49 R. I. 449; *Fraser* v. *Wright,* 54 R. I. 422; *Matteodo* v. *Pesce,* 68 R. I. 188; *Nardolillo* v. *Carroll,* 70 R. I. 133; Id., 70 R. I. 383. See also *Hill* v. *Bain,* 15 R. I. 75.

The weight of authority elsewhere in this country is to the same effect. Although this principle of estoppel is referred to by various descriptive titles and is supported by different reasons, it nevertheless is treated generally as res adjudicata under the second classification applicable to different causes of action, as cited in *Cromwell v. County of Sac, supra.* A good statement of the principle of res adjudicata and the true reason underlying its application even where the actions are different is to be found in *Coca-Cola Co. v. Pepsi-Cola Co.*, 6 Harr. (Del.) 124. For other statements and applications thereof see *Southern Pacific R.R. v. United States*, 168 U. S. 1; *Gilman v. Gilman*, 115 Vt. 49; *Scholl v. Tibbs*, (D. C.), 36 A.2d 352; *Harding Co. v. Harding*, 352 Ill. 417. See also 88 A.L.R. 563; Freeman on Judgments (5th ed.) §§430, 676, 677, 684; Bigelow on Estoppel (6th ed.), §2, pp. 100-115; 15 R.C.L., Judgments, §§429-432; 50 C.J.S., Judgments, §§593, 686, 687; 30 Am. Jur., Judgments, §§178, 180.

In the circumstances presented by the pleadings and the established facts here of record, plaintiff's right to recover against the defendant owner in the instant case necessarily depends upon a determination of the fundamental question whether McKenzie had the defendant owner's consent, express or implied, to operate the latter's automobile. The burden of proving that ultimate fact, or of disproving it as the case may be, depends on whether plaintiff's action is brought against the insurer or the owner. But regardless of which party legally had the pertinent burden, the inescapable fact is that such consent of the owner was ultimately the essential and decisive *issue* in both cases. That question was the fundamental and determinative issue in plaintiff's action against the insurer and such issue was therein raised, tried, argued and definitely determined on the merits against the plaintiff by a special finding of the jury. *Chase v. United States Fidelity & Guaranty Co. supra.*

40

In our judgment the action against the insurer under the statute was clearly one between the same parties or their privies in the sense in which "privies" are considered under this principle. The plaintiff had no standing whatever in his action against the owner's insurer under chapter 155 unless it were on the theory that the owner's consent to McKenzie's use of the car was first established so as to make the owner liable for the tort of McKenzie as his statutory agent, and that the insurer, being related to the owner under the policy as an indemnitor or in the nature of a surety, was then liable over to the plaintiff in a direct action. *Luft* v. *Factory Mutual Liability Ins. Co. of America, supra.*

Thus by virtue of plaintiff's method of proceeding against the insurer under chapter 155 without first having actually obtained a judgment against the owner, it became necessary for plaintiff to establish the owner's consent, express or implied, to the use of his car by McKenzie so as to hold the owner responsible for McKenzie's tort before plaintiff could make the owner's insurer directly liable under the policy in such statutory action. As previously stated that statute gave merely an additional remedy to the injured party but did not change the *cause* of action. In such circumstances, by the plaintiff's own conduct and by the statute, the interest and liability of the owner and his insurer were so related and so inseparably connected and dependent that the present defendant, though not a party *eo nomine* in the action against his insurer, was nevertheless in law virtually a necessary party in that proceeding.

This court had occasion to consider whether it would apply such principle of estoppel where the parties were nominally not the same but where their interest and liability as to an ultimate, identical and decisive issue were so necessarily and inseparably connected as to make them virtually parties to the earlier proceeding. *Hill* v. *Bain, supra.* In that case the court reviewed several cited cases

on this question and stated: "In these cases the defendants were permitted to avail themselves by way of estoppel of judgments to which they were neither parties nor privies. The ground on which this was permitted seems to have been that the defendants, though not parties to the judgments, were so connected in interest or liability with the parties that the judgments when recovered could be regarded as virtually recovered for them, for the purposes of estoppel, as well as by and for the parties of record." It thereupon approved and applied that principle to the case then under consideration in which the defendant was nominally not a party to the former action.

In the peculiar circumstances here of record the interest and liability of the owner and the insurer by virtue of the statute and their relationship under the policy appear to be equally as connected as those in which the court applied the principle in *Hill* v. *Bain,* supra. At any rate the true reason for this type of res adjudicata is said to be based not so much upon the existence of mutuality and privity in the strict sense as upon the policy of the law to end litigation in a proper case. Under that view a plaintiff who has sought and obtained in a court of competent jurisdiction a determination of an ultimate and decisive fact on the merits is not permitted to again present such fact for litigation in another action wherein the interest and liability of the parties are so necessarily connected and dependent as to require that they be treated virtually the same as the parties to the former action. In our judgment the justice of that reasoning would support the application of the principle in the circumstances of the instant case even if we were to assume that the actions under consideration are different.

Some cases may be found where such a plea of res adjudicata has been rejected because the court was unable to determine without speculation whether the verdict or decision in the first case was based essentially on a deter-

mination of the issue claimed to have been adjudicated. No such speculation or difficulty appears in the instant case. Here the issue of the owner's consent was definitely raised and tried in the former proceeding against the defendant's insurer and such issue was determined by the jury's special finding that McKenzie did not have the owner's consent, express or implied, to operate the automobile. The correctness of the jury's determination of that ultimate question was thereafter challenged by plaintiff's bill of exceptions to this court. Our opinion in that case finally approved both the verdict and special finding of the jury. *Chase* v. *United States Fidelity & Guaranty Co., supra.* In the circumstances the determination of the ultimate issue of the owner's consent brings the case within the law previously cited.

The plaintiff appears also to argue that there is a difference between the issues in the two actions under consideration. He contends that recovery in the first action under the statute depended upon the insurer's liability under the policy to a person using the car with the owner's *permission,* whereas in the instant action recovery depends on the use of the car with the owner's *consent,* express or implied. We cannot agree that there are different issues because of such variation in language. The two words which we have underlined have substantially the same meaning. Webster's New International Dictionary (2d ed.) pp. 568, 1824, makes no distinction between the words "consent" and "permission" when used in the context here. Furthermore nothing appears in the record to suggest that there is any legal difference between the owner's *consent,* express or implied, to use the car, which is the essential and decisive issue in the case at bar, and his *permission* to use it as required by the pertinent provisions of the policy.

The question of which party legally may have the burden of proving or of disproving a particular issue in varying circumstances should not be confused with the identity of the issue itself. The plaintiff here, in an action against

the insurance company under chapter 155, first sought a determination of the ultimate question whether the owner had consented to McKenzie's use of the automobile. As already stated he had no right to recover from the insurer in that case unless it was established that the car was being used by McKenzie with the owner's consent, express or implied, which fact had to be established as if the owner was actually a defendant. Having selected the forum and having obtained an adverse determination of that ultimate issue there is manifest justice in applying general principles of public policy, which is the true reason underlying this class of estoppel, and declaring that the plaintiff is estopped to have the same issue tried a second time in the instant action between the plaintiff and the owner. The principle of estoppel as here involved is based on the *adjudication* of an identical and ultimate issue and not on the question of which party may legally have the burden of proving or disproving such issue. No case in this jurisdiction has been cited by plaintiff to the contrary and we have found none.

The plaintiff has suggested two cases in support of its principal argument, *Andrews* v. *Commercial Casualty Ins. Co.*, 128 Neb. 496, and *Band* v. *Reinke*, 230 Iowa 515. While the former appears at first reading to give the plaintiff some support, it is clear from the case that the "family purpose doctrine," the issue that was relied upon as identical and controlling in both cases, was not presented or decided in the first case. In the instant case the identical issue was essential in both cases and it was determined specially by the findings of the jury in the case brought by the plaintiff against the owner's insurer. Moreover, if the former case can be considered otherwise, we think it would be contrary to the weight of authority elsewhere and to the rule which has prevailed in this jurisdiction as to estoppel by verdict or adjudication of identical and ultimate issues.

The second case cited by plaintiff supports the law as

we have stated it in the instant case. The court there attempted to apply the principle of estoppel but found it could not do so because it was unable to tell from a *general verdict*, without pure conjecture, whether the ground of negligence or contributory negligence was relied upon by the jury in the first action. It appears that one case was brought under a code and could have been maintained without proof of plaintiff's freedom from contributory negligence, whereas in the other action such proof was required. But the principle of estoppel was recognized and it seems to be implicit from the reasoning of the court that if it could have ascertained the issue upon which the verdict in the first case was based then it would have upheld the plea of res adjudicata.

In our judgment under the settled law of this state and in harmony with the weight of reason and authority elsewhere, we are of the opinion that an estoppel by adjudication of an ultimate issue is properly applied here because chapter 155 gave the plaintiff merely an additional remedy against the owner's insurer but did not change the cause of action; that even if it were assumed that the actions against the insurer and the owner were nominally different, the owner's consent, express or implied, for McKenzie to operate the automobile was the ultimate and determinative issue in both cases; that in the former action under chapter 155 against the insurer such issue was raised, tried and definitely determined in such a way that the interest and ultimate liability of the owner and insurer were so connected and inseparable that the parties must now be considered virtually the same in both cases for the purposes of applying the pertinent principle of estoppel by adjudication or verdict; and that the issue of the owner's consent, which was specially determined adversely to the plaintiff by the jury in his action against the insurer, is decisive of the instant case and is now res adjudicata as a matter of law in the instant proceeding.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court with direction to enter judgment for the defendant on the plea of res adjudicata.

CONDON, J., dissenting. Some of the difficulty here is due to inartistic pleading with its consequential confusion of issues of fact and law. The defendant's motion for judgment on the pleadings which were closed by plaintiff's replication to defendant's plea of *puis darrein continuance* is without precedent in our system of common-law pleading. Under that system plaintiff's replications having traversed the allegations of the plea and concluded to the country presented an issue of fact. By not demurring to the replication defendant automatically joined issue thereon by virtue of general laws 1938, chapter 522, §1. That statute provides *inter alia* that no pleadings need "be formally closed either to the court or to the jury, but the denial of any material allegation shall constitute an issue of fact."

In such circumstances it was irregular to entertain on the day when these cases were called for trial a so-called motion for judgment on the pleadings which was designed to raise a question of law. In my opinion it would be highly desirable from the viewpoint of preserving an orderly system of pleading to remit these cases to the superior court with direction to strike out defendant's motion and try the issue raised by the formal pleadings. However, since the majority of the court has decided to waive this irregularity and consider the issue of law raised by the motion I am constrained to do likewise.

After careful consideration I am unable to concur in the opinion of the majority that each of these cases is res judicata by reason of each judgment respectively in *Chase* v. *United States Fidelity & Guaranty Co.* and *Harding* v. *Same*, 73 R. I. 51. The basic issue in each of those cases was whether McKenzie was operating Carr's automobile with his permission within the meaning of that term in

the policy. That issue was an indispensable element of each plaintiff's case which he was bound to prove by a fair preponderance of the evidence in order to make McKenzie an insured under the policy for whose negligence the defendant insurer would be liable. The defendant in the instant case was not a party in those cases and had no property interest in the result thereof. He was, therefore, not concerned with the resolution of the issue there raised and could not be bound by any decisions therein.

Conceivably if the decisions had been adverse to the defendant insurer and the amount of the policy was insufficient to satisfy the judgments against McKenzie these plaintiffs could not have relied upon such decisions in the instant cases against Carr as conclusive proof that his automobile was being used with his consent by McKenzie at the time of the accident. Not having been a party in the actions against the defendant insurer he would be entitled to have that issue passed upon *de novo* in the actions brought against him. Conversely he is not entitled to rely upon the judgments in those cases favorable to the defendant insurer as conclusive proof in the instant actions against him that McKenzie did not have such consent. Unless such judgments were binding on both plaintiffs and defendant here they are binding on none. *Poulos* v. *Coast Cities Coaches Inc.*, 16 N.J. Misc. 156. If a party in a later action cannot be prejudiced by an adverse result in a former action he cannot claim a benefit by a favorable result therein. *Smith* v. *Fischer Baking Co.*, 105 N.J.L. 567. And it has also been held that there can be no estoppel by former judgment unless it is mutual and equally available to both parties. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159.

In the cases at bar the basic issue was whether McKenzie was operating Carr's automobile on the public highway with his consent, but that issue was affirmatively raised by the defendant and was no part of either plaintiff's case. Such

consent was presumed as a matter of law upon proof that the automobile was registered in the name of the defendant. To overcome that presumption it was necessary for defendant to plead absence of such consent in an answer and affirmatively prove it. G. L. 1938, chap. 98, §10, as amended by P. L. 1940, chap. 867. In such circumstances if defendant's evidence did not amount to a fair preponderance the plaintiffs would be entitled to a verdict. And this would be so if the evidence were evenly balanced on that issue, as the plaintiffs would be under no obligation to disprove the defendant's allegation of absence of consent. In this respect there is an essential difference between the plaintiffs' actions against defendant and their actions against the insurer. There Carr's permission to McKenzie to operate Carr's automobile was an indispensable element of plaintiffs' cases which they were bound to prove by a fair preponderance of the evidence. If the evidence were evenly balanced plaintiffs could not prevail.

Superficially considered this may seem to be only a question of procedure concerning the burden of proof. In reality, however, it is quite definitely a matter of substantive law. *Emond* v. *Fallon*, 56 R. I. 419. In that case we said of the statute as it then stood that it clearly made a change in the substantive law and not merely a new rule of evidence. Later amendments to the statute have but served to emphasize that view. This being so it must be obvious that plaintiffs' actions against defendant are not identical with their actions against the insurer. The substantive law governing those actions gave plaintiffs a much more restricted right to recover against the insurer than the statute gives to the plaintiffs against the defendant in the cases at bar. In the latter cases plaintiffs will be entitled to have them considered by the jury without offering any evidence on the issue of absence of consent raised by defendant. *Gemma* v. *Rotondo*, 62 R. I. 293. In the former cases they would not have been so entitled, as in such

circumstances there would have been no evidence for the jury to consider on the issue of McKenzie's permission from Carr to operate his automobile, an essential element in the plaintiffs' cases against the insurer.

The authorities are in substantial agreement that whether the evidence in the second action would have supported the judgment in the first action is a good test of whether the judgment in one action may be pleaded in bar of a second action. *Williams* v. *Daisey,* 7 Harr. (Del.) 161; *Phillips* v. *Phillips,* 118 N. J. Eq. 189; *Pickeral* v. *Federal Land Bank of Baltimore,* 177 Va. 743; Freeman on Judgments, p. 1447; 50 C.J.S. Judgments, §648, pp. 88, 89. In the latter text it is stated: "In determining whether causes of action are identical so as to warrant application of the rule of res judicata, the test most commonly stated is to ascertain whether the same evidence which is necessary to sustain the second action would have been sufficient to authorize a recovery in the first; if so the prior judgment is a bar; otherwise it is not." Idem, "If, however, the evidence offered in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of plaintiff in the first suit is no bar to his recovery in the other suit, although it is for the same cause of action."

Defendant argues, however, that there was privity between him and his insurer in the plaintiffs' actions against it, and, therefore, the judgments against plaintiffs in those actions inure in his favor. In my opinion there was no such privity. In seeking to escape liability under the policy for the negligence of McKenzie the insurer was not defending any property right of defendant but was in fact doing quite the opposite. It was interested solely in restricting its contractual liability under the policy regardless of the effect this might have upon the ultimate liability of the defendant. In other words there was no identity of interests between them in those actions. Whatever the

result thereof defendant here could not be bound thereby.

Absolute identity of interest is essential to the existence of privity. The true ground upon which privity is founded is property and not mere personal relation. The fact that two parties as litigants in two different actions happen to be interested in proving or disproving the same facts creates no privity between them. *Logan* v. *Atlanta & Charlotte Air Line R. R.*, 82 S. C. 518. See also Bigelow on Estoppel, 148; Freeman on Judgments, §162; *Smith* v. *Moore*, 24 Am. Rep. 479. The participation of the defendant by way of assisting the insurer in the defense of the actions brought against it does not alter the above-stated rule. Such participation because of general or personal interest does not make one privy to the judgments in such cases. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 40 L.R.A. (N.S.) 314. There the court said at page 206: "The fact that a party has fully litigated his cause of action in one suit and has been defeated is of no avail in another suit, to which a stranger to the first suit is a party, involving precisely the same issues." As to estoppel it stated at page 217: "* * * there can be no estoppel arising out of a judgment, unless the same parties have had their day in court touching the matter litigated, and unless the judgment is equally available to both parties." " 'Estoppels to be good,' " it further observed, " 'must be mutual.' "

If the judgments in the actions against the insurer had been favorable to the plaintiffs they could not have relied upon them in the case at bar as binding upon the defendant, he being neither a party therein nor a privy thereto. Defendant not being bound by such judgments could not avail himself of any benefit therefrom in plaintiffs' actions against him. Those judgments, therefore, not being available mutually to plaintiffs and defendant here, cannot be pleaded in estoppel of the instant actions.

On the above-stated reasons I rest my dissent from the opinion of the majority. In my opinion, on neither the

strict doctrine of res judicata nor on the somewhat broader, though not essentially different, principle of estoppel by judgment is the defendant entitled to judgment on his motion therefor. Rather, I am of the opinion that these cases ought to be remitted to the superior court for trial on the pleadings as formally closed by plaintiffs' replications.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan, for plaintiffs.*

*Francis V. Reynolds, for defendant.*