291 A.2d 421.

IDA ZUCKERMAN, *Administratrix of the Estate of Abraham Zuckerman vs.* RITA L. TATARIAN.

JUNE 8, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a civil action brought to recover consequential damages sustained by Abraham Zuckerman by reason of medical expenses and loss of services of Louis Zuckerman, a minor son of Abraham, who was injured in a collision between an automobile operated by Louis and one operated by the defendant's agent, a minor. The defendant's motion for summary judgment was granted by a justice of the Superior Court, and the plaintiff is now prosecuting an appeal from that judgment in this court.

It appears from the record that Louis Zuckerman, hereinafter referred to as Louis, was seriously injured in 1964 as a result of the motor vehicle collision. Louis thereafter brought suit against defendant and three others in the United States District Court for the District of Rhode Island. During the trial in the Federal District Court the judge struck all medical bills from the record and charged the jury to make no award for medical expenses, lost wages, or lost earning capacity during Louis's minority. The jury then considered Louis's claim to damages for his pain, suffering, and loss of future earning capacity but returned a verdict for the defendant in each case. Louis appealed these judgments to the United States Court of Appeals for the First Circuit, where they were affirmed, 418 F.2d 878 (1969), and his subsequent petition to the United States Supreme Court for certiorari was denied, 397 U. S. 1069, 90 S.Ct. 1511, 25 L.Ed.2d 691 (1970).

Abraham was precluded from bringing his claim in the Federal District Court for medical expenses and the loss of wages of his son because the claim failed to meet the jurisdictional requirement as to the amount in controversy. Therefore, Abraham subsequently brought the instant action in the Superior Court of this state to recover the cost of medical expenses and the loss of services arising out of his son's injuries.[1] In December of 1969 defendant moved for summary judgment, invoking the doctrine of collateral estoppel in seeking to bar plaintiff's prosecution of this action.

The defendant contended that plaintiff's right to recover consequential damages was derivative and depended entirely upon the issue of defendant's liability to Louis, which issue had been heard and determined in defendant's

---

[1]On June 23, 1968, Abraham deceased, and Ida Zuckerman, the administratrix of his estate, was on motion substituted as the party plaintiff in this action.

behalf by the judgment of the Federal Court in the trial of Louis's actions. Basically, defendant argues that the issue upon which the right of plaintiff to recover rests is the liability of defendant to Louis, which in turn depended upon the negligence of defendant and the freedom from contributory negligence of Louis, which issue was fully heard and decided in a court of competent jurisdiction, namely, the Federal District Court, and that it should bar recovery by plaintiff in the instant action on the basis of the doctrine of collateral estoppel.

The plaintiff contends that the trial justice erred in concluding that the judgment for defendant in the action brought by Louis constituted a bar to her subsequent suit to recover consequential damages. She bases her contention primarily on the argument that the doctrine of collateral estoppel is applicable only where there is an identity of or privity between the parties to the prior action and that this court has long held to the view that the relationship of husband and wife or parent and child does not normally give rise to privity for the purposes of judicial finality.

It is generally recognized that privity that will justify an application of the doctrine of collateral estoppel does not normally arise from the marital relationship nor from the relationship between parent and child. Thus, under the general rule a judgment for or against a child is not conclusive in a subsequent suit in which the parent is a party or vice versa. 1B Moore, *Federal Practice* ¶0.411[11] at 1660 (2d ed. 1965).

In this court plaintiff questions whether the doctrine of collateral estoppel should apply in view of the fact that under the general rule there was no privity between the father and the son which would warrant an application of that doctrine. She relies primarily on the rule stated in *Brierly* v. *Union R.R.*, 26 R. I. 119, 58 A. 451 (1904),

wherein this court expressed its adherence to the general rule, so called. In *Brierly,* the husband of a woman injured in an accident involving a streetcar brought suit to recover damages for his expenses and loss of his wife's services. The defendant offered in bar of the husband's action the judgment entered for the same defendant against the wife in a prior suit for her damages and requested the trial justice to charge the jury to that effect. This the trial justice refused to do. On appeal this court sustained him in that refusal, saying: "The cause of action which the husband claimed, though based upon the same occurrence, was not the cause of action which the wife had sued on. He had no control over her claim or her suit, *Cooney* v. *Lincoln,* 20 R. I. [183,] 186, [37 A. 1031, 1032 (1897)] and was in no way estopped by the judgment against her. He was not privy to her in blood, estate, or law." *Id.* at 120, 58 A. at 451.

The text writer, Moore, points out that the rule that estoppel will not apply where there is no privity as between husband and wife or between parent and child has had general application even where the cause of action asserted by the husband or parent derives from and is dependent upon the validity of the cause of action asserted against the defendant by the wife or child. It is important to note, however, that the text writer goes on to say in ¶0.411[11] at 1662 that there have been in recent times cases involving such derivative claims wherein courts have departed from the majority rule and have held that "* * * a judgment adverse to the wife's personal injury claim is conclusive against the husband in his suit for consequential damages." *Fischbach* v. *Auto Boys, Inc.,* 106 N.Y.S.2d 416 (1951); *Sisemore* v. *Neal,* 236 Ark. 574, 367 S.W.2d 417 (1963); *McFadden* v. *McFadden,* 239 Ore. 76, 80, 396 P.2d 202, 204 (1964).

On the other hand, defendant argues vigorously that

the doctrine of collateral estoppel is applicable here on the theory that this court in *Harding* v. *Carr*, 79 R. I. 32, 83 A.2d 79 (1951), overruled *Brierly* v. *Union R.R., supra.* There is little doubt that the *Harding* case reflects the minority rule referred to by the text writer, Moore, who indicated approval of the reasoning underlying that rule. He further noted that if it be accepted between a husband and wife, it should apply equally to a parent's suit for consequential damages after judgment for a defendant has been rendered in the child's suit for personal injury. 1B Moore, *Federal Practice* ¶0.411[11] at 1662 (2d ed. 1965).

In *Harding* the plaintiff brought an action to recover damages for injuries sustained in an automobile accident against the insured owner of the second vehicle. The plaintiff in a prior action, *Chase* v. *United States Fidelity & Guaranty Co.*, 73 R. I. 51, 53 A.2d 708 (1947), had sued to recover the same damages from the insurer of the second vehicle. During the prior trial it was established that the operator of the second vehicle was operating it without the consent of the owner of that vehicle. Therefore, pursuant to a statute which provided that the owner of a motor vehicle is not liable for the negligence of a person operating his vehicle without his consent, the jury found the insurer to be free of liability. Judgment was then entered for the defendant insurer against the plaintiff. In the subsequent *Harding* case the defendant insured contended that his liability was dependent entirely upon whether his vehicle had been operated by a third party without his consent, the same issue which had been decided in the prior action. The defendant insured offered the judgment in the prior suit in favor of the defendant insurer as a bar to the plaintiff's action against him as the owner of the second vehicle.

In its decision the court held that the question of operation with the owner's consent was an essential and decisive

issue in both cases, saying that it "* * * was the fundamental and determinative issue in plaintiff's action against the insurer and such issue was therein raised, tried, argued and definitely determined on the merits against the plaintiff by a special finding of the jury." *Harding* v. *Carr, supra,* at 39, 83 A.2d at 83. An analysis of the court's reasoning in *Harding* is persuasive that this court reached the conclusion that there is a class of cases in which the doctrine of collateral estoppel should apply as a matter of sound policy and without regard to the existence or non-existence of privity. At 40, 83 A.2d at 83, the court stated the pertinent inquiry to be whether estoppel should be applied "* * * where the parties were nominally not the same but where their interest and liability as to an ultimate, identical and decisive issue were so necessarily and inseparably connected as to make them virtually parties to the earlier proceeding."

The intention of the court to remove cases involving derivative claims from the old rule of privity for purposes of an application of the doctrine of collateral estoppel is made clear by the court at 41, 83 A.2d at 83, where the court stated: "At any rate the true reason for this type of res adjudicata is said to be based not so much upon the existence of mutuality and privity in the strict sense as upon the policy of the law to end litigation in a proper case. Under that view a plaintiff who has sought and obtained in a court of competent jurisdiction a determination of an ultimate and decisive fact on the merits is not permitted to again present such fact for litigation in another action wherein the interest and liability of the parties are so necessarily connected and dependent as to require that they be treated virtually the same as the parties to the former action."

It is our opinion, then, that little consequence attaches to whether *Harding* was intended to overrule *Brierly* in whole or in part. Predicated upon our analysis of the de-

cision in *Harding,* we now hold that the doctrine of collateral estoppel should be applicable to bar a derivative suit when in a prior action on the claim from which the later claim derives a court of competent jurisdiction had made a determination of an ultimate and decisive issue and the court is satisfied that in the prior action the rights and interests of the parties sought to be bound by the estoppel in the subsequent litigation were substantially and properly protected.

We see nothing in the instant case that would lead us to conclude that it failed to comply with the necessity for fundamental fairness because an estoppel has been applied. It is true that in the instant case plaintiff has not had a day in court in the commonly accepted sense. However, the liability of defendant to the decedent's son is basic and essential to the administratrix' claim for consequential damages. The defendant's negligence and the son's freedom from contributory negligence constitute an essential and necessary issue in both cases. The decision of this issue was made in the Federal District Court, a court of competent jurisdiction, the judgment of that court in behalf of the defendants in the prior case was reviewed by the United States Court of Appeals for the First Circuit and upheld, and certiorari was denied in the United States Supreme Court.

In the circumstances we feel that in the first case substantial protection was given to the rights and interests of the plaintiff in the second case. There was no error, in our opinion, in the action of the trial justice in holding that the instant case was one in which the doctrine of collateral estoppel properly had application.

The appeal of the plaintiff is denied and dismissed, and the judgment appealed from is affirmed.

*Martin Malinou,* for plaintiff.

*Francis V. Reynolds, Paul V. Reynolds,* for defendant.