**Sumner A. LONG, Plaintiff, Appellant,**

v.

**INSURANCE COMPANY OF The STATE OF PENNSYLVANIA, et al., Defendants, Appellees.**

**No. 90–2122.**

United States Court of Appeals, First Circuit.

Heard March 5, 1991.

Decided March 26, 1991.

Thomas A. DiLuglio, Providence, R.I., for plaintiff, appellant.

Gordon P. Cleary with whom Vetter & White, Providence, R.I., was on brief, for defendant, appellee Ins. Co. of State of Pa.

Robert W. Smith with whom Gunning, Lafazia & Gnys, Inc., Providence, R.I., was on brief, for defendant, appellee Continental Ins. Co.

Before CYR, Circuit Judge, COFFIN and BOWNES, Senior Circuit Judges.

CYR, Circuit Judge.

Plaintiff appeals a district court order rejecting his motion to set aside a summary judgment entered on July 25, 1990 in favor of defendants-appellees. We affirm.

## I.

## BACKGROUND

Plaintiff's ocean-racing sailboat, Ondine, was repaired and modified pursuant to a contract between plaintiff and Newport Offshore, Ltd. ("Newport"), which later filed a voluntary chapter 11 petition.[1] Defendants agreed to provide identical liability coverage to Newport, during different coverage periods, pursuant to separate policies of insurance. For present purposes, we assume that Newport unsatisfactorily performed the work called for by its contract with plaintiff, with the unexpected and unwelcome consequence that Ondine was rendered substantially less valuable than she had been before her remodeling.

The judgments in favor of defendants were based on two independent grounds: (i) the alleged damage to Ondine did not constitute "property damage" caused by an "occurrence," within the meaning of the insurance contracts; (ii) even if the alleged damage to Ondine was caused by an "occurrence," exclusion (m)—excluding coverage for damage resulting from work performed under an agreement with the owner that does not live up to the warranted standard—precluded recovery for the present loss.

Plaintiff's Rule 60(b)(6) motion to set aside the judgment was based exclusively on the claim that the district court committed error in ruling that any damage to Ondine did not result from an "occur-

---

1. The bankruptcy court thereafter granted relief from the automatic stay, see 11 U.S.C. § 362, permitting plaintiff to proceed directly against Newport's liability insurers, the defendants, pursuant to G.L.R.I. § 27–7–2.4 (Rhode Island statute enabling tort action against liability insurer of bankrupt corporation). See also Harding v. Carr, 79 R.I. 32, 83 A.2d 79 (1951).

rence," within the meaning of the insurance contracts. On October 2, 1990, the district court denied the Rule 60(b)(6) motion.

Plaintiff brought a timely appeal from the denial of his Rule 60(b)(6) motion. *But see United States v. One Urban Lot*, 882 F.2d 582, 585 (1st Cir.1989) (if appellant wishes to preserve *original judgment* for appeal and review on the merits, he must pursue Rule 60(b) motion *and* file *timely* notice of appeal).

## II.

### DISCUSSION

Neither in his earlier Rule 60(b)(6) motion nor during the course of the present appeal has plaintiff challenged the district court's "work performance exclusion" ruling. Since the "work performance exclusion" constituted an independent basis for the judgment entered in favor of defendants, the order denying the Rule 60(b)(6) motion must be

*Affirmed. Double costs to appellees.*